420

**HADDIX ROAD THEATER CO., INC., Plaintiff-Appellee, v. MIDWEST SPORTSERVICE, INC., Defendant-Appellant.**

Ohio Appeals, Second District, Greene County.

No. 123.   Decided January 6, 1953.

Wead & Aultman, Xenia, Fred M. Kerr, Dayton, for plaintiff-appellee.   Robert H. Wead and Fred M. Kerr present.

Pickrel, Schaeffer & Ebeling, Dayton, Miller & Finney, Sidney Pfeiffer, for defendant-appellant.   J. A. Finney and Sidney Pfeiffer present.

## OPINION

By HORNBECK, PJ.

This is a suit to cancel a sub-lease between the parties wherein the plaintiff is the lessor and the defendant is the lessee.  The sub-lease or agreement which is under consideration on this appeal granted to the defendant the food and drink concession in plaintiff's theater.

The petition avers that three conditions of the contract were breached by the defendant.

(1) In operating the food and soft drink concession to provide "neatly attired, competent help and properly supervised."  ,

(2) To furnish all necessary equipment and fixtures to operate said food and drink vending concession in an efficient manner.

(3) To pay plaintiff as rental 22% of gross sales, with stated exceptions, * * *.

The second cause of action is for an injunction and the third cause of action is for damages for use and occupancy of the premises. The first and second causes of action only are involved in this appeal. The answer of defendant is substantially a denial of any of the claimed violations of the contract, an admission of an amount due the plaintiff under the rental terms of the contract and an avoidance of compliance because of an arrangement whereby defendant was to make a loan to the plaintiff.

The cross-petition was predicated upon an alleged breach of the contract by the defendant in that in contravention of the terms of the agreement it had set up and was operating its own food and drink concession at the theater and the prayer on the cross-petition is for specific performance and observance by the plaintiff of the sub-lease and rental agreement.

We have carefully considered the facts developed respecting the alleged breaches of the contract. We cannot accept the contention of plaintiff that the failure to provide proper food was a failure to furnish "necessary equipment and fixtures to operate the food and drink vending concession." Equipment, in our opinion, relates only to that which is provided and used in the preparation, storage, handling and serving of food and drink as distinguished from food and drink themselves. However, there is proof in the record that the defendant had not prior to July, 1950 provided the equipment which it had agreed to supply.

We find that the plaintiff has made proof by the requisite degree of a breach of the contract in the particulars averred.

But it is asserted that the plaintiff did not conform to the requirements of the contract as to notice as to the attire and supervision of the employees and of an intention to terminate it as provided in the 11th paragraph thereof. In addition to the provisions of the contract for a written notice of a purpose to terminate there is also a provision in paragraph 5b for a notice as follows:

"Concessionaire agrees to have all concession operations carried on by neatly attired competent help and properly supervised and should any employee of Concessionaire be unsatisfactory to Operator, Concessionaire agrees upon due notice from Operator to discharge such employee."

As we interpret this contract the notice contemplated in 5b has reference only to employees who are unsatisfactory to the operator. It does not require notice if help is not neatly attired and properly supervised.

On July 19, 1950, succeeding several oral objections made to defendant by plaintiff, these objections were put in written form and made the

subject of a letter to Mr. Jacobs of the defendant company. In this letter are set out in detail the particulars in which it was then claimed the defendant had breached its contract which failure is made the subject of the averments of the petition.

There is indeed some question if this written notice to the company carried an express intention on the part of the plaintiff to terminate the contract based upon its rights thereunder. However, in view of the controversy which had gone on between the representatives of the plaintiff and of the defendant it may be so construed. The purpose to terminate the contract is inferable from the letter inasmuch as it indicated a purpose on the part of the plaintiff to carry on the operation of the concession by itself. It further appears that the defendant made no preparation on the ground to operate the concession in the season of 1951. But on December 15, 1950, in a letter to defendant from counsel for plaintiff there is specifically set out the default in the payment of rent in conjunction with the defaults theretofore called to the attention of defendant and an express notification of a purpose to terminate the contract.

Although there is some ambiguity in the terms of the contract as to the time when the rental was due it cannot be urged that it was not due and payable on and after December 15, 1950 when the letter of that date was written. There was no offer to pay the rent past due until after this suit was instituted in March, 1951, and there is no sufficient explanation in the record to excuse such default.

The judgment in this Court will be the same as in the Common Pleas Court.

WISEMAN and MILLER, JJ, concur.